**UNITED STATES of America,**
**Appellee.**

v.

**Joseph Andrew FENTRESS, Appellant.**

**No. 71–2484.**

United States Court of Appeals,
Ninth Circuit.

Dec. 14, 1971.

Certiorari Denied April 3, 1972.
See 92 S.Ct. 1331.

James P. Hagerstrom, Defenders, Inc., San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Acting Chief, Crim. Div., Howard B. Frank, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant was indicted, tried by the court and convicted of violating 18 U.S. C. § 2113(a), (d) [bank robbery with a dangerous weapon]. He appeals. We affirm.

■■ Although stated in two parts, appellant's sole contention is that the trial court erred in denying his pre-trial motion to suppress evidence which was seized by police officers. The contention is without merit. Certain of the seized property was observed by an officer in plain view through an open doorway. The door was not opened by an officer. This evidence was admissible. Ker v. California, 374 U.S. 23, 43, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). The remainder of the evidence was discovered after appellant's joint tenant consented to an apartment search. It is well established that such a consent is valid. United States v. Cataldo, 433 F.2d 38 (2d Cir. 1970), cert. denied 401 U.S. 977, 91 S.Ct. 1200, 28 L.Ed.2d 326, rehearing denied 402 U.S. 934, 91 S.Ct. 1523, 28 L.Ed.2d 869 (1971); Wright v. United States, 389 F.2d 996 (8th Cir. 1968); Burge v. United States, 342 F.2d 408, 413–414

(9th Cir. 1965), cert. denied 382 U.S. 829, 86 S.Ct. 63, 15 L.Ed.2d 72 (1965), and Teasley v. United States, 292 F.2d 460, 464 (9th Cir. 1961).

We need not reach the issue of appellant's standing to object to the introduction of the challenged evidence.

The judgment of conviction is affirmed.